IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                  Case No. 19-10103-JWB

EMANUEL E. GOINES, JR.,

    Defendant.

## MEMORANDUM AND ORDER

This case comes before the court on Defendant's motion to review the magistrate's order of detention and release Defendant on bond. (Doc. 14.) The court held an evidentiary hearing on August 27, 2019. Defendant's motion is DENIED for the reasons stated herein.

### I. Procedural History

On July 16, 2019, Defendant was indicted pursuant to 18 U.S.C. § 922(g)(1). The indictment contains one count of felon in possession of a firearm. On July 22, a detention hearing was held before Magistrate Judge Gale, who granted the Government's motion for detention. (Doc. 10.)

On August 20, Defendant moved for review of the detention order. This court held an evidentiary hearing on August 27. Defendant offered evidence by proffer and the government offered the testimony of Wichita Police Department Detective Darren Hicks. Defendant declined to testify but he made a statement to the court.

### II. Legal Standard

Pursuant to 18 U.S.C. § 3145(b), Defendant may seek review of a magistrate judge's order of detention. The district court's review of a magistrate judge's detention order is de novo. *United States v. Cisneros*, 328 F.3d 610, 616 n. 1 (10th Cir. 2003). A de novo evidentiary hearing,

1

however, is not required. The district court may either "start from scratch" or "incorporate the record of the proceedings conducted by the magistrate judge including the exhibits admitted." *United States v. Burks,* 141 F. Supp. 2d 1283, 1285 (D. Kan. 2001) (citing *United States v. Torres*, 929 F.2d 291, 292 (7th Cir. 1991)). The Federal Rules of Evidence do not apply to detention hearings. *See* 18 U.S.C. § 3142(f)(2)(B). The court may allow the parties to present information by proffer or it may insist on direct testimony. *See id.*

Under the Bail Reform Act of 1984, the court must order a defendant's pretrial release, with or without conditions, unless it "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). In making this determination, the court must take into account the available information concerning

> (1) The nature and circumstances of the offense charged, including whether the offense is a crime of violence ... or involves a minor victim or a controlled substance, firearm, explosive, or destructive device;
>
> (2) the weight of the evidence against the person;
>
> (3) the history and characteristics of the person, including-
>
>> (A) the person's character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings; and
>>
>> (B) whether, at the time of the current offense or arrest, the person was on probation, on parole, or on other release pending trial, sentencing, appeal, or completion of sentence for an offense under Federal, State, or local law; and
>
> (4) the nature and seriousness of the danger to any person or the community that would be posed by the person's release.

18 U.S.C. § 3142(g).

There is no rebuttable presumption of risk of flight or danger to the community in this case. *See* 18 U.S.C. § 3142(e).

**III. Analysis**

**A. Nature and Circumstances of the Offense**

Defendant is charged with being a felon in possession of firearm. The evidence also shows that the firearm was stolen. Under § 3142(g)(1), firearm offenses are specifically called out as significant factors in the detention calculus. *See United States v. Vorrice*, 277 F. App'x 762, 764 (10th Cir. 2008). This factor favors detention.

**B. Weight of the Evidence**

During the hearing, the Government put on the testimony of Detective Hicks. On the date in question, officers were investigating Defendant. Shortly before the encounter that led to Defendant's arrest, Defendant recorded a video on his Snapchat account that was viewed by officers. Specifically, the video showed that Defendant was riding in the rear of a vehicle with other occupants and wearing a white t-shirt. The officers then determined Defendant's location and began following the vehicle. When the officers attempted to stop the vehicle by activating their lights, the vehicle fled. At some point, the individuals in the rear exited the vehicle. An individual in a white t-shirt and tan pants exited the right rear door and fled on foot. While running, the individual appeared to be holding his left arm close to his body, which could indicate that he was holding a weapon. This individual ran behind a garage at 1528 North Belmont. Officer Henry, the driver of the police vehicle, did not give chase at that point because the driver of the suspect vehicle continued to flee. After stopping the driver at a later point, Officer Henry returned to 1528 North Belmont with a canine officer. Upon searching the back yard of the residence, the officers

3

discovered and seized a magazine and a firearm. The firearm and magazine did not appear to have been in the backyard for any extended period of time as they showed no signs of weathering.

Approximately one street over, Officer Thompson observed Defendant in a white t-shirt and tan pants walking at a fast pace. Thompson stopped Defendant. When questioned by Thompson, Defendant initially gave a false identity and then later admitted his true identity. Defendant's criminal history includes a felony conviction.

After running the firearm's serial number, officers learned that the firearm was reported stolen in 2018. There were no recoverable latent prints on the firearm and DNA testing has not been performed.

The court finds that the Government has introduced substantial evidence of Defendant's possession of the firearm. This factor therefore favors detention.

**C. History and Characteristics of Defendant**

Defendant has significant ties to the community. He has family support and his family was present for the hearing. Defendant is engaged in community activities and has letters of support to that effect. Defendant also has a job and a family. On the other hand, looking at Defendant's criminal history, there are a number of convictions. Defendant has had several convictions in the last ten years, including obstruction, domestic battery, theft, criminal trespass, possession of marijuana, aggravated burglary, interference with law enforcement, and others. Moreover, Defendant's criminal history also shows that he has had revocations and bond violations. This indicates that Defendant does not always abide by conditions while on release.

The extensive criminal history and violations show that Defendant cannot be trusted to conform his conduct to restrictions placed on him by governmental authorities. On a graver note, Defendant was on bond in a state case when he allegedly committed the serious offense set forth

in the indictment. This is another factor to be considered under the statute. § 3142(g)(3)(B). While Defendant's ties to the community may support a finding that he poses a limited flight rise, Defendant's criminal history supports a finding that he poses a danger to the community. *See Vorrice*, 277 F. App'x at 764.

### D. Danger to the Community

Before releasing Defendant on any set of conditions, the court must be satisfied that Defendant will not pose a danger to any other person or to the community. "The concern about safety is to be given a broader construction than the mere danger of physical violence…." *United States v. Gilliard*, 722 F. App'x 818, 821 (10th Cir. 2018) (citing *United States v. Cook*, 880 F.2d 1158, 1161 (10th Cir. 1989)). The court finds that the Government has established by clear and convincing evidence that there are no conditions of release which will ensure the safety of the community. 18 U.S.C. § 3142(f)(2)(B) (facts regarding safety of the community must be supported by clear and convincing evidence.)

As stated above, Defendant's criminal history shows that Defendant continually fails to abide by the law and the conditions of his probation or release. Also, Defendant fled from officers after the stop with a firearm. Moreover, the firearm that was allegedly in his possession was a stolen firearm. Additionally, a search of the vehicle from which Defendant fled revealed the presence of illegal drugs. These facts and circumstances support a finding that Defendant's release would create a danger to the community.

The court believes Defendant's pattern of criminal conduct demonstrates a very real threat of continued involvement in criminal activity even when Defendant is on bond. Defendant's actions show that he continues to commit crimes while on bond and continues to place himself in

situations involving criminal activity.  There are no conditions that will assure his compliance and the safety of the community.

## IV. Conclusion

Based upon the court's de novo review of the record and the evidence at the hearing, the court concludes that there are no set of conditions of release which will protect the community from the danger of the unlawful possession of firearms and other criminal activity.  The Government has carried its burden of proving by clear and convincing evidence that there is no combination of conditions that would assure the safety of others and the community if Defendant were to be released pending trial.

Defendant's motion to review the order and release Defendant on bond is DENIED.  Magistrate Gale's order of detention remains in effect.  (Doc. 10.)

IT IS SO ORDERED this 3rd day of September 2019.

___s/ John W. Broomes_____
JOHN W. BROOMES
UNITED STATES DISTRICT JUDGE