IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

       Plaintiff,

v.                                      Case No.  19-10103-JWB

EMMANUEL E. GOINES, JR.,

       Defendant.

**MEMORANDUM AND ORDER**

This case comes before the court on Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c) (Doc. 121).   The government opposes Defendant's motion.  (Doc. 123.) Defendant has not filed a reply brief and the time for doing so has now passed.  Defendant's motion for sentence reduction is DENIED for the reasons stated herein.

I.      **Facts and Procedural History**

On July 16, 2019, Defendant was charged by indictment with one count of felon in possession of a firearm in violation of 18 U.S.C. § 922(g).  (Doc. 1.)  Defendant proceeded to trial on December 4, 2019.  (Doc. 68.)  The jury returned a guilty verdict on December 5.  (Doc. 78.) After post-trial briefing, Defendant was sentenced to 50 months imprisonment.  (Doc. 104.) Defendant filed a timely notice of appeal which remains pending in the Tenth Circuit Court of Appeals.  (Doc. 106.)  Defendant is currently incarcerated at Greenville Federal Correctional Institution and his projected release date is February 1, 2023.

Defendant filed a motion for sentence reduction using the form provided by the Administrative Office.   In that form, Defendant affirmatively responded that there are extraordinary and compelling reasons supporting his motion.  (Doc. 121 at 4.)  Defendant then

checked the boxes stating that "my spouse or registered partner has become incapacitated and I am the only available caregiver for my spouse or registered partner" and "there are other extraordinary and compelling reasons for my release." (*Id.*)  In his explanation, Defendant states he is the "perfect candidate for a compassionate release" because this is his "first time in prison [and] I have one prior" non-violent felony. (*Id.* at 5.)  Defendant further states that he has a career in comedy and there is a comedy tour in February 2022 that he has been invited to join.  In an undated attachment, Defendant states that he has been involved in back to school drives, involved in other community activities, and has been diagnosed with pericarditis. (*Id.* at 9.)  He also states he has a son that he has not met.

Defendant does not seek appointment of counsel in connection with his motion. (*Id.* at 6.) Defendant's motion states that he submitted a request for release to the warden in June 2021 and has not yet received a response. (*Id.* at 3.)  The government opposes the motion and argues that Defendant has not shown that he has exhausted his claim.  Alternatively, the government asserts that Defendant has failed to establish extraordinary circumstances and that the sentencing factors do not support a reduction to a time served sentence.

## II.    Standard

The compassionate release statute, 18 U.S.C. § 3582(c)(1)(A), was amended by The First Step Act.  Now, a defendant may file his own motion if certain conditions have been met.  The Tenth Circuit has recently endorsed a three-step test for district courts to utilize in deciding motions filed under § 3582(c)(1)(A). *United States v. McGee*, 992 F.3d 1035, 1042 (10th Cir. 2021) (citing *United States v. Jones*, 980 F.3d 1098, 1107 (6th Cir. 2020)).  Under that test, the court may reduce a sentence if Defendant has administratively exhausted his claim and three other requirements are met: (1) "extraordinary and compelling" reasons warrant a reduction; (2) the "reduction is

consistent with applicable policy statements issued by the Sentencing Commission;" and (3) the reduction is consistent with any applicable factors set forth in 18 U.S.C. § 3553(a). *Id.* A court may deny the motion when any requirement is lacking and the court need not address the other requirements. *Id.* at 1043. But all requirements must be addressed when the court grants a motion for release under the statute. *Id.* With respect to the second requirement, the applicable policy statements, the Tenth Circuit has held that the current policy statement on extraordinary circumstances is not applicable to motions filed by a defendant. *United States v. Maumau*, 993 F.3d 821, 837 (10th Cir. 2021). Defendant bears the burden of establishing that compassionate release is warranted under the statute. *See, e.g., United States v. Dial*, No. 17-20068-JAR, 2020 WL 4933537 (D. Kan. Aug. 24, 2020); *United States v. Dixon*, No. 18-10027-02-JWB, 2020 WL 6483152, at *2 (D. Kan. Nov. 4, 2020).

### III.   Analysis

#### A.   Exhaustion

In order to consider a motion for compassionate release, Defendant must first exhaust his administrative remedies. *United States v. Springer*, 820 F. App'x 788, 791 (10th Cir. 2020) ("Courts may not modify an inmate's sentence under § 3582(c)(1)(A) unless (1) the BOP has made a motion on the inmate's behalf, or (2) the inmate has requested that the BOP make such a motion and has either (a) 'fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the [inmate]'s behalf' or (b) thirty days have passed since the 'warden of the [inmate]'s facility' received a compassionate-release request from the inmate.") (citing § 3582(c)(1)(A)). The government argues that Defendant presents no evidence that he has exhausted his administrative remedies. (Doc. 123 at 3-4.) Reviewing the motion, Defendant has indicated that he filed the

request with the warden in June.  (Doc. 121 at 3.)  Although Defendant did not attach the request to his motion, the government fails to cite any authority that a defendant is required do so.

In light of Defendant's representation that he did request this relief with the warden of his facility more than thirty days ago, the court finds that Defendant has sufficiently alleged that he has exhausted his administrative remedies.

### B.      Extraordinary and Compelling

Next, the court must determine whether defendant has shown "extraordinary and compelling reasons" that warrant release.  The court has independent discretion to determine whether this has been met.  *See McGee*, 992 F.3d at 1044, 1048.  "[E]xtraordinary" means "exceptional to a very marked extent."  *United States v. Ford*, No. CR 10-20129-07-KHV, ---F. Supp. 3d ---, 2021 WL 1721054, at *3 (D. Kan. Apr. 30, 2021) (quoting *United States v. Baydoun*, No. 16-20057, 2020 WL 4282189, at *2 (E.D. Mich. July 27, 2020) (quoting "extraordinary," *Webster's Third International Dictionary, Unabridged* (2020)).  Although not binding on this court, the Sentencing Commission has identified that grounds for release due to extraordinary and compelling reasons can include a (1) defendant's medical condition; (2) age; (3) family circumstances; and (4) a catchall category of an "extraordinary and compelling reason other than, or in combination with," the first three categories.  *Id.* (citing U.S.S.G. § 1B1.13, Reduction In Term Of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) (Policy Statement), cmt. n.1 (Nov. 2018)) and *United States v. Carr*, 851 F. App'x. 848, 853 (10th Cir. 2021) (district court has discretion to consider definition of extraordinary and compelling reasons in Section 1B1.13 application notes).

The court initially notes that Defendant has checked the box that his spouse or registered partner has become incapacitated and he is the only available caregiver.  (Doc. 121 at 4.)  In his

written explanation, however, he does not offer any basis to support this finding. The court finds that Defendant has failed to establish that his family circumstances are an extraordinary and compelling reason for release.

Next, Defendant argues that he should be released because he has a minimal criminal history and he has a career in comedy. These circumstances are not extraordinary and compelling. Defendant's criminal history was already taken into consideration at sentencing. With respect to his career in comedy, the court also considered his employment and community involvement in fashioning a sentence. The fact that Defendant had a career prior to incarceration is not extraordinary. Many criminal defendants have jobs at the time they are charged with violations of criminal statutes. Defendant also states that he has been diagnosed with pericarditis and has been in the hospital. (*Id.* at 9.) Other than mentioning this condition, Defendant makes no allegation regarding the sufficiency of medical care at the facility. Many criminal defendants have a medical condition but this is not an extraordinary and compelling reason that would justify release even if the medical condition is considered in combination with Defendant's other stated reasons.

After considering all of Defendant's stated reasons, the court finds that Defendant has not established an extraordinary and compelling basis for relief.

## IV.    Conclusion

Defendant's motion for sentence reduction under 18 U.S.C. § 3582(c) (Doc. 121) is DENIED.

IT IS SO ORDERED. Dated this 16th day of September, 2021.

　　　　　　　　　　　__s/ John W. Broomes_____
　　　　　　　　　　　JOHN W. BROOMES
　　　　　　　　　　　UNITED STATES DISTRICT JUDGE